**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Johann Hartman,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-13-8190-PCT-JAT (JFM)<br><br>**Report & Recommendation on Petition<br>for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 16, 2013 (Doc. 1). On February 5, 2014 Respondents filed their Response (Doc. 14). Petitioner has not filed a reply.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual background as follows:

> Between approximately midnight and 12:30 a.m. on November 5, 2007, ten images of child pornography were downloaded to a memory card in Hartman's cell phone. The next day, Hartman lost the phone. Three days later, a third party turned the phone in to the police, indicating it contained child pornography.

> The police determined that the phone belonged to Hartman.
> The State's forensic expert found approximately thirty images of child pornography on the phone in allocated (not deleted) space. The ten images downloaded on November 5 formed the bases for counts one through ten. The same expert also examined Hartman's home computer and found multiple images of child pornography in unallocated (deleted) space. One image formed the basis of count eleven.

(Exhibit J, Mem. Dec. at 2.)  (Exhibits to the Answer, Doc. 15, are referenced herein as "Exhibit ___.")

### B. PROCEEDINGS AT TRIAL

Petitioner was indicted in the Mohave County Superior Court on eleven counts of Sexual Exploitation of a Minor.  (Exhibit B.)  On February 16, 2010, Petitioner proceeded to trial with counsel.  (Exhibit C, R.T. 2/16/10.)  The jury convicted on all counts, and found the victims in each image were under the age of fifteen.  Petitioner was sentenced to mitigated, consecutive, ten year sentences on each count, for an effective sentence of 110 years.

### C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal.  Counsel was appointed, and filed an Opening Brief (Exhibit G) raising claims of: (1) insufficient evidence of knowing possession as to the image on the computer; (2) insufficient evidence of knowing possession of the images on the cell phone; (3) double jeopardy violations; and (4) a grossly disproportionate sentence under the Eighth Amendment.

The Arizona Court of Appeals rejected each of Petitioner's claims, and affirmed his convictions and sentences, with one judge specially concurring on an issue of state sentencing law. (Exhibit J, Mem. Dec. 10/11/11.)

### D.  PROCEEDINGS ON POST-CONVICTION RELIEF

Petitioner sought (Exhibit L) and obtained (Exhibit M) an extension of time to file a post-conviction relief petition.   He ultimately filed a *pro se* petition (Exhibit N),

raising claims of insufficient evidence and a disproportionate sentence.

The PCR court appointed counsel to represent Petitioner. (Exhibit O, Order 8/1/12.) Counsel reported an inability to find a claim for relief. (Exhibit N.) Petitioner was granted leave to file a supplemental petition, but failed to do so. (Exhibit Q, Order 3/7/13.) As of the filing of Respondents' Response (Doc. 15), the matter remained pending. (Exhibit R, Docket; Answer, Doc. 15 at 11.)

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 16, 2013 (Doc. 1). Petitioner's Petition asserts a single ground for relief "in which he alleges his Eighth and Fourteenth Amendment rights were violated because there was insufficient evidence to demonstrate Petitioner knowingly had child pornography on his phone."[1] (Order 10/22/13, Doc. 6 at 2.)

**Response** - On February 5, 2014, Respondents filed and served their Response ("Answer") (Doc. 15). Respondents argue that the claim is without merit.

**Reply** – The Court's Order filed February 5, 2014 gave Petitioner thirty days from the service of the Response to file a reply. Service of the answer was by mail. (Response, Doc. 15 at 22.) Accordingly, Petitioner had through Monday, March 10, 2014 to file a reply. *See* Fed. R. Civ. P. 6(d) (additional time after service by mail). That time has expired, and Petitioner has not filed a reply.

---

[1] Petitioner makes further allegations in the same ground that his sentence, amounting to a mandatory life sentence, was grossly disproportionate and therefore cruel and unusual under the Eighth Amendment, and that it amounted to double jeopardy because it was double punishment for a single act. (Petition, Doc. 1 at 6.) In addition Petitioner alleges that there were other errors in his trial. (*Id.*) The Court's service order did not reference these allegations, and identified only the insufficient evidence claim for a response. (Order 10/22/13, Doc. 6 at 2.) Respondents have addressed only the claim identified by the Court. (Answer, Doc. 15 at 2.) Petitioner has not voiced any opposition to the characterization of his Petition by the Court or Respondents. Accordingly, the undersigned addresses only the claim of insufficient evidence, and considers the remaining allegations as part of the *res gestae* of that claim.

3

### III. APPLICATION OF LAW TO FACTS

#### A. INSUFFICIENT EVIDENCE

In his sole ground for relief, Petitioner argues that there was insufficient evidence that he knowingly possessed child pornography on his phone. Petitioner argues that when he lost his cellphone, the man who found the phone offered to return the phone for $250, and threatened if payment wasn't made, the phone would be turned over to the police with "some stuff on it that would get the defendant in a lot of trouble." (Petition, Doc. 1, at 6.)

Respondents argue that the rejection of this claim by the Arizona Court of Appeals did not rest upon an unreasonable factual determination and was not contrary to nor an unreasonable application of Supreme Court law. (Response, Doc. 6 at 15.)

#### 1. Standard for Habeas Relief

While the purpose of a federal habeas proceeding is to search for violations of federal law, not every error justifies relief.

**Errors of Law** - "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." *Woodford v. Visciotti*, 537 U. S. 19, 24– 25 (2002) (per curiam). To justify habeas relief, a state court's decision must be "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" before relief may be granted. 28 U.S.C. §2254(d)(1).

The Supreme Court has instructed that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (internal quotation marks omitted).

"Stated Simply, a federal habeas court making the 'unreasonable application'

inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams (Terry) v. Taylor*, 529 U.S. 362, 409 (2000). Distinguishing between an unreasonable and an incorrect application of federal law, the *Williams* Court clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable. *Id*. at 410-411. "[I]t is the state court's decision, as opposed to its reasoning, that is judged under the 'unreasonable application' standard." *Merced v. McGrath*, 426 F.3d 1076, 1081 (9th Cir. 2005) "A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Anthony v. Cambra*, 236 F.3d 568, 578 (9th Cir. 2000).

**Errors of Fact** - Federal courts are further authorized to grant habeas relief in cases where the state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Or, to put it conversely, a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *abrogated on other grounds*, *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

Moreover, a state prisoner is not free to attempt to retry his case in the federal courts by presenting new evidence. There is a well-established presumption of correctness of state court findings of fact. This presumption has been codified at 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has the burden of proof to rebut the presumption by "clear and convincing evidence."

**Applicable Decisions** – In evaluating state court decisions, the federal habeas

5

court looks through summary opinions to the last reasoned decision. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

### 2. State Court Decision

Petitioner raised the insufficient evidence claim in Ground One in his direct appeal to the Arizona Court of Appeals. (Exhibit G at 21 *et seq.*)  The Arizona Court of Appeals rejected the claim.  In doing so, the court relied on various state authorities and asserted that it would "review the facts in the light most favorable to upholding the verdict and resolve all conflicts in the evidence against the defendant." (Exhibit J, Mem. Dec. at 3.)  The court opined that "[e]vidence is sufficient when it is more than a mere scintilla and is such proof as could convince reasonable persons of the defendant's guilt beyond a reasonable doubt." (*Id.* at 4.)  The court clarified " '[r]eversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction.' " (*Id.* (quoting *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996)).)

The court concluded that the jury's conclusion that Petitioner had not merely inadvertently downloaded images on to his phone, but had knowingly possessed the images, was supported by sufficient evidence.  The court relied upon (1) Petitioner's admission that any downloads were likely his, (2) the fact that one of the images on the phone was the same as a deleted image found on his home computer, (3) that internet searches found on the computer led to some of the images on the phone, (4) the images on the phone's memory card were in "allocated space," meaning they were visible to the user, and (5) an officer testified that the images were not readily obtained on the internet but must be sought.  (Exhibit J, Mem. Dec. at 4-5.)

### 3. Factual Determinations

Petitioner points to no unreasonable determinations of the facts by the Arizona Court of Appeals.  The undersigned finds none.

It is true that the Arizona Court of Appeals did not discuss the evidence at trial (now argued by Petitioner) that the man who found the phone had attempted to extort money from Petitioner, under what Petitioner characterizes as a threat of placing incriminating matters on the phone. (*See generally* Exhibit J, Mem. Dec.)

At trial, Detective Lott testified that upon questioning at the police station, Petitioner reported having a man contact him about his lost phone, arranging to meet in a parking lot, taking a friend with him to the meeting, the friend talking to a man who drove up asking for money for the phone, and the man leaving when Petitioner approached taking pictures of him. (Exhibit C, R.T. 2/16/10 at 159-162.)   Petitioner presented testimony by his friend, William Stumpf, who corroborated the claim of meeting the man in the parking lot, but added that the man made reference to there being "some crazy stuff" on the phone, saying "you need to get yourself some help." (Exhibit E, R.T. 2/18/10 at 63-66, 76.)

In *Taylor*, Judge Kozinski identified various types of unreasonable factual decisions, including those where the fact finding process is flawed because the state court failed "to consider and weigh relevant evidence that was properly presented to the state courts and made part of the state-court record." 366 F.3d at 1001.  However, "the state courts are not required to address every jot and tittle of proof suggested to them, nor need they 'make detailed findings addressing all the evidence before [them].' " *Id.*  "To fatally undermine the state fact-finding process, and render the resulting finding unreasonable, the overlooked or ignored evidence must be highly probative and central to petitioner's claim." *Id.*  "In other words, the evidence in question must be sufficient to support petitioner's claim when considered in the context of the full record bearing on the issue presented in the habeas petition." *Id.*

Here, the evidence of the purported extortion was neither "highly probative" nor "central to petitioner's claim."  For the reasons discussed hereinafter, the probativeness of the evidence of the alleged extortion attempt was limited by both the facts surrounding those allegations, and the other evidence that discredited the claim.

Further, those allegations were not central to Petitioner's claim as presented to the Arizona Court of Appeals. Petitioner's recitation of the extortion allegations were indeed part of his restatement of the evidence at trial. (Exhibit G, Opening Brief at 3-5.) And, Petitioner argued the interaction in support of the claim of insufficient evidence. But that argument was limited to alleging the demand for money for the phone, and did not argue that the finder had threatened to put incriminating evidence on the phone. (*Id.* at 23.) Moreover, the essence of his insufficient evidence argument was not that the finder had placed the child pornography on his phone, but that they were "inadvertently download[ed]…pursuant to a search or download of adult pornography." (*Id.* at 23-24.) (*See also* Exhibit I, Reply Brief at 3-6.)

**4. Legal Determinations**

Neither does Petitioner point to any manner in which the decision of the Arizona Court of Appeals was contrary to or an unreasonable application of Supreme Court Law.

**Contrary To** – As noted above, a state court decision is "contrary to" federal law if it applies a rule that contradicts federal law, or if, with a set of facts that are materially indistinguishable from a decision of the Supreme Court, the state court nevertheless arrives at a different result. *Lockyer*, 538 U.S. at 73.

No Contradiction - Petitioner points to no contradiction between the rule applied by the Arizona Court of Appeals and applicable federal law.

The Due Process Clause of the Fourteenth Amendment protects a defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "The Due Process Clause of the Fourteenth Amendment denies States the power to deprive the accused of liberty unless the prosecution proves beyond a reasonable doubt every element of the charged offense." *Carella v. California*, 491 U.S. 263, 265 (1989) (citation omitted).

Accordingly, in the face of a sufficiency of the evidence claim, the habeas court

8

1  must determine whether any rational trier of fact could have found proof of guilt beyond
2  a reasonable doubt. *Wright v. West*, 505 U.S. 277, 290 (1992); *Jackson v. Virginia*, 443
3  U.S. 307, 324 (1979).   Under *Jackson*, on habeas, "the relevant question is whether,
4  after viewing the evidence in the light most favorable to the prosecution, any rational
5  trier of fact could have found the essential elements of the crime beyond a reasonable
6  doubt." *Jackson*, 443 U.S. at 319.  In making this evaluation, the court must not only
7  view the evidence in the light most favorable to the prosecution, but must also presume
8  the trier of fact resolved conflicting evidence in favor of the prosecution.  *Wright*, 505
9  U.S. at 295-296; *Jackson*, 443 U.S. at 319, 326; *Taylor v. Stainer*, 31 F.3d 907, 908-09
10 (9th Cir. 1994).

11      Petitioner identifies no functional distinction between the formulation of the rule
12 applied by the Arizona Court of Appeals, and the federal standard.  The undersigned
13 finds none.  Both focus on whether a rational trier of fact could have found guilt beyond
14 a reasonable doubt, and both required the court to view the evidence in the light most
15 favorable to the prosecution.

16      <u>No Indistinguishable Case</u> - Nor does Petitioner point to a Supreme Court case
17 with materially indistinguishable facts, which found an insufficiency of the evidence.
18 The undersigned has found none.

19      Thus, the undersigned cannot find that the state court's decision was contrary to
20 federal law.

21      **<u>Unreasonable Application</u>** – Nor can the undersigned find that the Arizona
22 court's application of the law was unreasonable.  The court carefully outlined the
23 evidence that would have enabled a rational trier of fact to find Petitioner guilty beyond
24 a reasonable doubt. (Exhibit J, Mem. Dec. at 4-5.)  The additional facts surrounding
25 Petitioner's allegations do not alter the determination.

26      The essence of Petitioner's extortion allegation is that the finder of the phone had
27 placed the pornographic images on the phone.  Substantial evidence in the record eroded
28 the credibility of that assertion.  First, Petitioner did not report the extortion attempt to

police – either as to the return of the phone or the threat to load it with incriminating evidence – until after he was placed under suspicion. This was despite being encouraged by his friend to report it to police. (Exhibit C, R.T. 2/16/10 at 159, *et seq*.; Exhibit E, R.T. 2/18/10 at 78-80.) Second, Petitioner could not remember the name of the friend he had enlisted to go with him to meet with the finder, and had to call back to report a name. (Exhibit C, R.T. 2/16/10 at 160.) Third, Petitioner's friend's testimony was not that the finder had threatened to place incriminating matters on the phone, but that they were already there. (Exhibit E, R.T. 2/18/10 at 63, 65, 75-76.) This was consistent with the prosecution's theory of the case. Fourth, the evidence cited by the Arizona Court of Appeals created a strong inference that the images had been downloaded by Petitioner, not the finder, e.g. the existence of child pornography on both the phone and the home computer, that one of the images was common to both locations, and the images on the phone were located on sites searched for on the computer. (Exhibit J, Mem. Dec. at 4-5.)

Accordingly, even when considering the evidence of the extortion allegations, there was ample evidence in the record from which a reasonable juror could find guilt beyond a reasonable doubt.

Thus, the rejection of this insufficient evidence claim by the Arizona Court of Appeals was not an unreasonable application of federal law.

Therefore, this Court must conclude that Petitioner's Ground One is without merit and the Petition must be denied.

### IV. CERTIFICATE OF APPEALABILITY

**<u>Ruling Required</u>** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on the merits. Under the reasoning set forth herein, the constitutional claims are plainly without merit.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed July 16, 2013 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

### VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: July 7, 2014

13-8190r RR 14 06 19 on HC.docx

James F. Metcalf
United States Magistrate Judge