1    **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Johann Hartman,                      )    No. CV 13-8190-PCT-JAT
                                          )
10                   Petitioner,          )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Charles L Ryan, et al.,              )
13                                        )
                     Respondents.         )
14                                        )
                                          )
     _____    )
15

16        Petitioner has filed a motion to reopen this case (Doc. 26) which includes his

17   objections to the Report and Recommendation (Doc. 19) ("R&R").  Consistent with this

18   Court's order of September 22, 2014 (Doc. 25), this Court will re-open this case and review

19   the portions of the R&R to which there is an objection de novo.  *See United States v. Reyna-*

20   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

21        **Factual Background**

22        The R&R recounted the factual background of this case as follows:

23        In disposing of Petitioner's direct appeal, the Arizona Court of Appeals
          summarized the factual background as follows:

24
                  Between approximately midnight and 12:30 a.m. on November
25            5, 2007, ten images of child pornography were downloaded to
              a memory card in Hartman's cell phone. The next day, Hartman
26            lost the phone. Three days later, a third party turned the phone
              in to the police, indicating it contained child pornography. The
27            police determined that the phone belonged to Hartman. The
              State's forensic expert found approximately thirty images of
28            child pornography on the phone in allocated (not deleted) space.

> The ten images downloaded on November 5 formed the bases for counts one through ten. The same expert also examined Hartman's home computer and found multiple images of child pornography in unallocated (deleted) space. One image formed the basis of count eleven.

(Exhibit J, Mem. Dec. at 2.).

R&R at 1-2.

Petitioner objects to this recitation of the facts by alleging that there are additional relevant facts that the Arizona Court of Appeals failed to discuss.   Doc. 26 at 1-3. Specifically, Petitioner alleges that the man who found the phone, "contacted the Petitioner [and] requested money to get his phone back [.] If he did not comply the man stated that he would find some stuff on his phone that would put him in a lot of trouble."   *Id.* at 1.

**Procedural History**

The R&R recounted the procedural history of this case as follows:

> Petitioner was indicted in the Mohave County Superior Court on eleven counts of Sexual Exploitation of a Minor. (Exhibit B.) On February 16, 2010, Petitioner proceeded to trial with counsel. (Exhibit C, R.T. 2/16/10.) The jury convicted on all counts, and found the victims in each image were under the age of fifteen. Petitioner was sentenced to mitigated, consecutive, ten year sentences on each count, for an effective sentence of 110 years....
> Petitioner filed a direct appeal. Counsel was appointed, and filed an Opening Brief (Exhibit G) raising claims of: (1) insufficient evidence of knowing possession as to the image on the computer; (2) insufficient evidence of knowing possession of the images on the cell phone; (3) double jeopardy violations; and (4) a grossly disproportionate sentence under the Eighth Amendment. The Arizona Court of Appeals rejected each of Petitioner's claims, and affirmed his convictions and sentences, with one judge specially concurring on an issue of state sentencing law. (Exhibit J, Mem. Dec. 10/11/11.) ...
> Petitioner sought (Exhibit L) and obtained (Exhibit M) an extension of time to file a post-conviction relief petition. He ultimately filed a pro se petition (Exhibit N), raising claims of insufficient evidence and a disproportionate sentence. The PCR court appointed counsel to represent Petitioner. (Exhibit O, Order 8/1/12.) Counsel reported an inability to find a claim for relief. (Exhibit N.) Petitioner was granted leave to file a supplemental petition, but failed to do so. (Exhibit Q, Order 3/7/13.) As of the filing of Respondents' Response (Doc. 15), the matter remained pending. (Exhibit R, Docket; Answer, Doc. 15 at 11.).

R&R at 2-3. Petitioner did not object to this procedural history and the Court hereby accepts and adopts it.

1       **Petitioner's Request for Habeas Relief**

2       In his objections, Petitioner objects to the R&R's recommendation that this Court

3 deny Petitioner's claim for habeas relief based on Petitioner's argument that there was

4 insufficient evidence to support the conviction. In the R&R, the Magistrate Judge addresses

5 Petitioner's insufficiency of the evidence argument at pages 8-10.[1] The Magistrate Judge

6 determined that the state court's ruling was not contrary to, nor an unreasonable application

7 of federal law. *Id*.; *see also Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

8       Regarding the governing law, the R&R states:

9       The Due Process Clause of the Fourteenth Amendment protects a
defendant against conviction "except upon proof beyond a reasonable doubt
10 of every fact necessary to constitute the crime with which he is charged." *In
re Winship*, 397 U.S. 358, 364 (1970). "The Due Process Clause of the
11 Fourteenth Amendment denies States the power to deprive the accused of
liberty unless the prosecution proves beyond a reasonable doubt every element
12 of the charged offense." *Carella v. California*, 491 U.S. 263, 265 (1989)
(citation omitted).
13       Accordingly, in the face of a sufficiency of the evidence claim, the
habeas court must determine whether any rational trier of fact could have
14 found proof of guilt beyond a reasonable doubt. *Wright v. West*, 505 U.S. 277,
290 (1992); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Under *Jackson*, on
15 habeas, "the relevant question is whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have
16 found the essential elements of the crime beyond a reasonable doubt." *Jackson*,
443 U.S. at 319. In making this evaluation, the court must not only view the
17 evidence in the light most favorable to the prosecution, but must also presume
the trier of fact resolved conflicting evidence in favor of the prosecution.
18 *Wright*, 505 U.S. at 295-296; *Jackson*, 443 U.S. at 319, 326; *Taylor v. Stainer*,
31 F.3d 907, 908-09 (9th Cir. 1994).
19
R&R at 8-9. Petitioner does not object to the governing law as recounted in the R&R on an
20
insufficiency of the evidence claim and the Court hereby accepts and adopts it.
21

22

23       [1] This Court will deem this claim exhausted before this state court because it was
exhausted on direct appeal. Neither party has supplemented the record to advise this Court
24 whether the state post-conviction relief court ever ruled on Petitioner's post-conviction relief
petition. It is possible that the state court does not deem any petition still pending because
25 Petitioner never filed a "supplemental petition." Regardless, however, because this claim
was exhausted on direct appeal, this Court will consider it to be exhausted for purposes of
26 this habeas petition. *See* R&R at 6 ("Petitioner raised the insufficient evidence claim in
27 Ground One [of this habeas petition] in his direct appeal to the Arizona Court of Appeals.
(Exhibit G at 21 *et seq.*)").
28

1    However, Petitioner objects to the conclusion of the R&R that the state court correctly

2    applied this law to the facts of Petitioner's case.  Doc. 26. Specifically, Petitioner objects to

3    the Arizona Court of Appeals conclusion (which the R&R found was not contrary to nor an

4    unreasonable application of federal law) that there was sufficient evidence to convict

5    Petitioner.  Petitioner argues, "... the essence of the Petitioner['s] insufficient evidence

6    argument was that [the man who found the phone] had place[d] the child pornography on the

7    phone.  This is proof of reasonable doubt." *Id.* at 2.  In other words, Petitioner alleges that

8    this "extortion" attempt causes the other evidence of his guilt to be insufficient to sustain his

9    conviction.  *Id.* at 1-2.

10    The R&R recounts the facts of Petitioner's conviction as follows:

11    The essence of Petitioner's extortion allegation is that the finder of the
phone had placed the pornographic images on the phone. Substantial evidence

12    in the record eroded the credibility of that assertion. First, Petitioner did not
report the extortion attempt to police – either as to the return of the phone or

13    the threat to load it with incriminating evidence – until after he was placed
under suspicion. This was despite being encouraged by his friend to report it

14    to police. (Exhibit C, R.T. 2/16/10 at 159, et seq.; Exhibit E, R.T. 2/18/10 at
78-80.) Second, Petitioner could not remember the name of the friend he had

15    enlisted to go with him to meet with the finder, and had to call back to report
a name. (Exhibit C, R.T. 2/16/10 at 160.) Third, Petitioner's friend's testimony

16    was not that the finder had threatened to place incriminating matters on the
phone, but that they were already there. (Exhibit E, R.T. 2/18/10 at 63, 65,

17    75-76.) This was consistent with the prosecution's theory of the case. Fourth,
the evidence cited by the Arizona Court of Appeals created a strong inference

18    that the images had been downloaded by Petitioner, not the finder, e.g. the
existence of child pornography on both the phone and the home computer, that

19    one of the images was common to both locations, and the images on the phone
were located on sites searched for on the computer. (Exhibit J, Mem. Dec. at

20    4-5.)
Accordingly, even when considering the evidence of the extortion

21    allegations, there was ample evidence in the record from which a reasonable
juror could find guilt beyond a reasonable doubt.

22    R&R at 9-10.

23    In his objections, Petitioner makes three factual arguments.  First, Petitioner argues

24    that the man who found the phone was not credible because his story of where he found the

25    phone changed.  Doc. 26 at 2.  Second, Petitioner admits that he could not remember his

26    friend's name, but claims that was because it was really his wife's friend.  *Id.*  And, finally,

27

28

- 4 -

1   Petitioner argues that he did report the loss of his phone to the police (Petitioner does not

2   comment on whether he reported the extortion attempt).

3        As the case law regarding a sufficiency of the evidence challenge directs, this Court

4   does not re-evaluate the evidence *de novo*.  Instead, this Court considers the evidence to

5   determine whether any rational trier of fact could have found guilt beyond a reasonable

6   doubt, viewing the evidence in the light most favorable to the prosecution and assuming the

7   jury resolved conflicting evidence in favor of the prosecution.  *See Wright*, 505 U.S. at

8   295-296; *Jackson*, 443 U.S. at 319, 326; *Taylor*, 31 F.3d at 908-09.  Under this legal test, this

9   Court agrees with the R&R that there was ample evidence against Petitioner for a rational

10  trier of fact to have found him guilty beyond a reasonable doubt.  Accordingly, habeas relief

11  will be denied.

12       **Certificate of Appealability**

13       In his objections, Petitioner also requests that this Court issue a certificate of

14  appealability.  Doc. 26 at 3.  "Where a district court has rejected the constitutional claims on

15  the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must

16  demonstrate that reasonable jurists would find the district court's assessment of the

17  constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

18       In this case, this Court concludes that reasonable jurists would not find this Court's

19  assessment of the constitutional claims debatable or wrong.  Accordingly, the request for a

20  certificate of appealability is denied.

21       **Conclusion**

22       Based on the foregoing,

23       **IT IS ORDERED** that the Motion to Reopen to allow this Court to consider

24  Petitioner's objections to the R&R (part of Doc. 26) is granted.  The order and judgment

25  enter on September 5, 2014 (Docs. 22 and 23) are vacated.  The objections contained in Doc.

26  26 are deemed timely.  The Court, having considered those objections, overrules them.

27  Therefore, for the reasons stated above, the R&R (Doc. 19) is accepted and adopted; the

28

- 5 -

1  Petition (Doc. 1) is denied; and the Clerk of the Court shall enter judgment of dismissal with

2  prejudice accordingly.

3        **IT IS FURTHER ORDERED** that the request for a certificate of appealability (part

4  of Doc. 26) is denied.

5        DATED this 11th day of March, 2015.

6

7

8  _____
   James A. Teilborg

9  Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28